| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Global Capital Law, P.C.<br>Gary Harre, Esq. / Diane Beall, Esq.<br>8700 Warner Ave, Ste 200<br>Fountain Valley, CA 92708<br>Tel (714) 907-4182<br>Fax (714) 907-4175<br>Email: ghcmecf@gmail.com<br><br>☒ Attorney for Debtor, Tu Kim Nguyen<br>☐ Pro Se Debtor | |

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | CHAPTER 13<br>CASE NUMBER 11-12857-RK |
|---|---|
| In re<br>TU KIM NGUYEN<br><br><br>Debtor(s). | DECLARATION SETTING FORTH POSTPETITION, PRECONFIRMATION DEED OF TRUST PAYMENTS<br><br>LOCAL BANKRUPTCY RULE 3015-1(m) |

, TU KIM NGUYEN _____ (Debtor's name), hereby declare:

1. I am the debtor in this chapter 13 bankruptcy case that was filed on 3/3/11 _____.

2. I am the owner of real property[1] at the following street address:

    6042 Ronald Cir. _____

    Cypress, CA 90630 _____ (the "Property").

3. The Property is encumbered by the following deeds of trust:

    a. First deed of trust in favor of Deutsche'Disputed - voiding fraudulent transfers under 11 U.S.C. § 544 and § 548.

    b. Second deed of trust in favor of _____ (if applicable).

    c. Third deed of trust in favor of _____ (if applicable).

(Continued on next page)

---

[1] A separate declaration shall be filed and served for each parcel of real property owned by the Debtor(s).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                    F 3015-1.4

Declaration Setting Forth Postpetition, Preconfirmation Deed of Trust Payments    **F 3015-1.4**
Local Bankruptcy Rule 3015-1(m) - *Page 2 of 5*

| Debtor(s): Tu Kim Nguyen | CHAPTER 13  CASE NUMBER 11-12857-RK |
|---|---|

4. The following are the postpetition deed of trust payments[2] up to the date of plan confirmation (the "Payments") that I have caused to be mailed/delivered[3] to the appropriate deed of trust holder (the "Creditor")[4]:
Disputed - voiding fraudulent transfers under 11 U.S.C. § 544 and § 548.

| Creditor | Payment Amount | Due Date[5] | Date Mailed/Delivered |
|---|---|---|---|
| Deutsche's Claim is disputed- void as fraudulent transfer under 11 U.S.C. § 544 and § 548- See schedule D disputed lien | $0.00 | N/A | N/A |
| Creditor | | | |
| Creditor | | | |

5. The Payments were in the form of money order, cashier's check, wire transfer, or other certified funds payable to the appropriate Creditor and had written on each item my name, the bankruptcy case number and the appropriate loan number.

*(Continued on next page)*

---

[2]Postpetition deed of trust payments are payments that first become due after the bankruptcy filing date.

[3]A U. S. Postal Service Certificate of Mailing, stamped by a Postal Service employee, must be obtained for each mailed Payment and copies of the Certificates of Mailing must be attached. If Payments are not mailed, Debtor must state how the Payments were delivered to the deed of trust holder and must provide documents that prove that the Payments have been delivered. For example, a copy of a statement, signed by the deed of trust holder's representative, acknowledging receipt of the Payment(s), would provide such proof.

[4]Attach additional pages if necessary.

[5]"Due Date" refers to the last day the Payment can be paid without a late charge penalty.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    **F 3015-1.4**

| Declaration Setting Forth Postpetition, Preconfirmation Deed of Trust Payments | F 3015-1.4 |
|---|---|
| Local Bankruptcy Rule 3015-1(m) - *Page 3 of 5* | |

Tu Kim Nguyen
Debtor(s).

CHAPTER 13
CASE NUMBER 11-12857-RK

6. Attached to this declaration are copies of the: N/A

☐ cashier's checks,    ☐ money orders,    ☐ certified funds, or

☐ other proof of the Payments described in Paragraph 4 above.

7. Also attached to this declaration are copies of the: N/A

☐ U. S. Post Office Certificate(s) of Mailing, stamped by a U. S. Postal Service employee,

☐ acknowledgment(s) signed by the Creditor's representative, or

☐ other documents that prove delivery of the Payments described in Paragraph 4 above.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 3/9/11

/s/ Tu Kim Nguyen
*Debtor*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 3015-1.4

Declaration Setting Forth Postpetition, Preconfirmation Deed of Trust Payments     **F 3015-1.4**
Local Bankruptcy Rule 3015-1(m) - *Page 5 of 5*

| Debtor(s): Tu Kim Nguyen | CHAPTER 13 |
|---|---|
| | CASE NUMBER 11-12857-RK |

**ADDITIONAL SERVICE INFORMATION** (if needed):

Debtor disputes Assignment of Deed of Trust recorded as a Security interest against Debtor's residence and disputes that OneWest is the Assignee under the Deed of Trust. Debtor has filed Objection to Proof of Claim and an Adversary Complaint challenging the validity of the Claim and the lien.

Until a determination is made by the Court regarding the validity of OneWest's interest, it would be unreasonable to ask the Debtor to pay OneWest pending the outcome of the litigation.

The Federal Bankruptcy Rule does not require proof of Postpetition payments on secured claims.

Upon a Motion for Valuation to strip the 2nd, payment to the 2nd would temporarily cease pending the outcome of the Motion.

Similarly, the Debtor should not be required to make Postpetition payments to an alleged Assignee of a Deed of Trust executed by Bryan Bly, an alleged attorney in fact for the FDIC who the FDIC claims does not have its Power of Attorney, and the Assignment is challenged.

Chapter 13 Trustee's obligation to monitor performance of the plan is met since the legality of the purported Assignmnet of the Deed of Trust as a lien against the property as being disputed and will be adjudicated under Debtor's Adversary Complaint.

Debtor further points out that under the Lopez case the Debtor cannot be required to make Postpetition payments through the Plan

As part of the chapter 13 estate, debtor formally requests Chapter 13 trustee to join with the Debtor in litigating the Adversary Complaint to invalidate the fraudulent Assignment which acts as a of lien against the Debtor's property or to formally abandon the Adversary claim as part of the Debtor's Chapter 13 estate.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                           **F 3015-1.4**