**GLOBAL CAPITAL LAW, P.C.**
Gary Harre [86938]
Diane Beall [86877]
8700 Warner Ave, Ste 200
Fountain Valley, CA 92708
Telephone: (714) 907-4182
Facsimile: (714) 907-4175
Email: ghcmecf@gmail.com

Attorneys For Debtor, TU KIM NGUYEN

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>TU KIM NGUYEN<br><br>              Debtor, | Case No.  8:11-bk-12857-RK<br><br>**CHAPTER 13**<br><br>**NOTICE OF MOTION AND MOTION TO STAY POST PETITION, PRECONFIRMATION DEED OF TRUST PAYMENTS PURSUANT TO LOCAL BANKRUPTCY RULE 3015-1(M); OBJECTION TO CHAPTER 13 TRUSTEE, AMRANE COHEN NOTICE OF CASE MAY BE CONVERTED OR DISMISS AT CONFIRMATION HEARING.**<br><br>Date: April 14, 2011<br>Time: 3:00 PM<br>Crtm: 5D, 5th Floor.<br><br>Honorable Robert Kwan<br>411 West Fourth Street, Suite 5165<br>Santa Ana, CA 92701-4593 |

**TO THE HONORABLE ROBERT KWAN, UNITED STATES BANKRUPTCY JUDGE; AMRANE COHEN, CHAPTER 13 TRUSTEE; THE OFFICE OF THE UNITED STATES TRUSTEE; AND TO ALL OTHER INTERESTED PARTIES:**

**NOTICE IS HEREBY GIVEN** that under Local Bankruptcy Rule 3015-1(m), Debtor TU NGUYEN, by and through her counsels, hereby moves this Court for

an order to stay Postpetition, Preconfirmation Deed of Trust payments as required by the Chapter 13 Trustee, Amrane Cohen (hereinafter "Cohen" or "Trustee"), pending resolution of Adversary Proceeding relating to the subject Deed of Trust.

Debtor, by and through her counsels, brings this Motion on the basis that the Trustee abuses his duty in requiring debtor to make postpetition payments on a disputed Deed of Trust, which must be adjudicated by way of Adversary Proceeding. Debtor further contends that Bankruptcy Local Rule 3015-1(m), as being enforced by the Trustee, and this Court, is invalid because such local rule "abridge, enlarge or modify substantive right". As a result, there is a conflict with Bankruptcy Code 11 U.S.C. 501 and Bankruptcy Local Rule 3015-1 (m) and it must be settled in favor of the Code.

Dated: 03/18/2011                     Global Capital Law, P.C.

                                      _____
                                      By: Gary Harre, Esq.
                                      Attorney for Debtor,
                                      TU KIM NGUYEN

NOTICE OF MOTION AND MOTION TO STAY POST PETITION, PRECONFIRMATION DEED OF TRUST PAYMENTS PURSUANT TO LOCAL BANKRUPTCY RULE 3015-1(m); OBJECTION TO CHAPTER 13 TRUSTEE, AMARANE COHEN NOTICE OF CASE MAY BE CONVERTED OR DISMISS AT CONFIRMATION HEARING.

## MEMORANDUM OF POINT AND AUTHORITY

Debtor, TU KIM NGUYEN, by and through her counsels, respectfully submits the following Memorandum of Point and Authority in support of this motion as followed:

### I.

### PRELIMINARY STATEMENT

1. Debtor previously filed her Chapter 13 bankruptcy, Case No. 8:10-bk-23006-RK, on September 15, 2010. A true and correct copy of Pacer Docket of this case is attached herein as Exhibit 1.

2. On 11/18/2010, Onewest Bank, FSB (hereinafter "Onewest"), filed its proof of claim as an alleged creditor of a Deed of Trust (Claim 1-1).

3. On 11/23/2010, Debtor filed her objection to Onewest's Proof of Claim and on 12/21/2010, Debtor filed her supplemental objection to such claim.

4. On 12/01/2010, Onewest filed its objection to confirmation of plan alleging that Debtor's plan failed to account for arrearage and deed of trust payment under Local Rule 3015-1(m).

5. On 12/07/2010, Debtor initiated an Adversary Proceeding against Onewest to invalidate the lien it asserted, Case No. 8-10-ap-01588.

6. The confirmation hearing was held on 01/13/2011, along with Debtor's objection to Onewest's Proof of Claim.

7. At the confirmation hearing, Chapter 13 trustee joined in with Onewest's objection to confirmation of Chapter 13 plan. Their basis of objection was based Debtor's failure to comply with Local Bankruptcy Rule 3015-1(m) in making postpetition, preconfirmation deed of trust payments to Onewest, despite the fact that such deed of trust was scheduled as disputed and that the case was a pending Adversary Proceeding.

8. On 01/18/2011, this Court entered Order of Dismissal of Chapter 13 arising from Chapter 13 confirmation hearing.

9. On 02/08/2011, Chapter 13 Trustee Cohen, filed his Notice of Intent to File Trustee Final Report and Account. A true and correct copy of which is attached herewith as Exhibit 2.

10. Such report incorrectly stated amount received by the Trustee. To date, no Trustee Final Report and Account has been filed.

11. Debtor refiled her Chapter 13 on 03/01/2011 to correct the deficiencies and to address the issue of postpetition deed of trust payments, to remove 2nd Deed of Trust and to file a confirmable Chapter 13 plan.

## II.

## RELEVANT STATEMENT OF FACTS

12. In debtor's previously dismissed Chapter 13, Onewest filed a Proof of Claim ("POC"), Claim 1, in this Bankruptcy Case, asserting a claim against Debtor in the sum of $643,889.05, and further asserting that said claim is secured by a lien against real property known as 6042 Ronald Circle, Cypress, CA 90630 (hereinafter "Subject Property").

13. Onewest attached a copy of a deed of trust ("DOT") in the amount of $567,200.00 in favor of Lender, CLARION MORTGAGE CAPITAL, INC. ("**CLARION**"), recorded on or about January 19, 2006, in the Orange County Recorder's Office as Document Number 2006000046112.

14. In its POC, Onewest asserts that it holds a claim against Plaintiff in the sum of $643,889.05, as evidenced by the Promissory Note.

15. Such Promissory Note contained an endorsement by **CLARION** to Indymac Bank, FSB on January 12, 2006 and a blank endorsement by Indymac Bank, FSB to an unknown party.

16. An additional attachment to Onewest's Proof of Claim included an Assignment of Deed of Trust recorded with Orange County Recorder as instrument number 2010000186983, which assignment was purportedly made by ONEWEST BANK, FSB, and Attorney-in-Fact of LASALLE BANK, N.A., and As

Trustee.

17. There is no evidence whatsoever that LaSalle Bank, N.A., as Trustee (hereinafter "LaSalle") received beneficial interest under the Deed of Trust or the NOTE relating to the subject property.

18. Said assignment of Deed of Trust purportedly assigned LaSalle's interests, together with the Note to Deutsche Bank National Trust Company, as Trustee of the Indymac INDX Mortgage Loan Trust 2006-AR2 (hereinafter "DBNTC").

### III.
### THE COURT AND CHAPTER 13 TRUSTEE COHEN MISAPPLIED THE LAWS IN REQUIRING DEBTOR TO MAKE POSTPETITION, PRECONFIRMATION DEED OF TRUST PAYMENTS

1. In debtor's previously dismissed Chapter 13, Onewest filed a Proof of Claim asserting that it was a creditor of the subject mortgage.

2. Debtor objected to such proof of claim and sought to expunge and/or deny of such claim. Debtor's objection was accompanied by an Adversary Proceeding to invalidate the purported lien asserted by Onewest. Debtor's action was proper because of the anti-modification protection under § 1322(b)(2).

3. The proposed plan would provide for litigation of debtor's adversary complaint regarding the subject deed of trust in which the loan would be paid outside the plan after conclusion of that litigation.

4. Under 11 U.S.C § 501, creditors are permitted to file proofs of claims.

5. Fed. R. Bankr. P. 3001 sets forth the pleading requirements of a proof of claim and provides the authority for creditors or their agents to file those claims. The rule states that "a proof of claim is a written statement setting forth [that] creditor's claim...." and that any claim filed must substantially conform to the official bankruptcy form. The Rule further states that claims based on writing must include evidence of that writing, or a statement regarding its absence, with the filed claim. Fed. R. Bankr. P. 3001(c), (d). In the case of a claim transferred,

creditors must review Fed. R. Bankr. P. 3001(e).

6. Fed. R. Bankr P. 3007 sets forth the grounds for objecting to claims. In Debtor's prior case, Debtor contended that Onewest has no interest in the security interest it asserted based on evidence it submitted.

7. On 08/03/2007, the US Bankruptcy Appellate Panel of the 9th Circuit published its opinion In Re Rudy A. Lopez, BAP No. CC-06-1359, Bk No. 06-10420-TA. In that case, Amrane Cohen, Chapter 13 trustee, was the Appellant. A true and correct copy of Lopez is attached herewith as Exhibit 3.

8. In addressing Trustee's concern of meeting the statutory duties to monitor performance under the plan and payments outside of the plan, the Lopez Court stated as follows:

> "While the panel sympathizes with the NACTT's concerns, it nevertheless does not view the above-described statutory responsibilities as creating any inherent presumption that all payments must be made by the trustee. Instead, the panel suggests that this concern could be alleviated through a requirement by the trustee (either in the plan or by incorporation in the local plan guidelines) that the debtor send proof of direct payment regularly to the trustee. This would allow the trustee to accurately monitor the debtor's performance as well as provide the trustee with data from which to fashion an accurate and complete final account."

9. As the result of such holding, Central District Local Rule, Rule 3015-1(m)(2) requires Debtor to "pay in a timely manner directly to each secured creditor all payments that fall due postpetition on debts secured by Real Property, as defined above, and must provide evidence of such payments on court-mandated form F 3015-1.4 in the manner set forth below."

10. Such requirement is being imposed in direct conflict with 11 U.S.C § 1325(5) in which only an ALLOWED secured claim required for confirmation of the Plan.

11. In Debtor's case, Onewest's alleged secured claim was being objected to by way of objection to proof of claim and adversary proceeding. Therefore, such claim does not meet the definition of an ALLOWED claim.

12. Nevertheless, Debtor was required to make postpetition payment on a contested loan by this Court and by Chapter 13 trustee as part of the plan confirmation.

13. Such local rule requirement enlarges and modifies Creditor's substantive rights and abridges Debtor's rights where the Debtor disputes the Creditor's standing and the validity of the POC. Therefore, such conflict must be settled in favor of the code. *See* Cisneros v. United States (In re Cisneros), 994 F.2d 1462, 1465 (9th Cir. 1993).

14. Therefore, Debtor is not required to make postpetition payments on the contested secured claim as part of her confirmation of Chapter 13 plan.

## III.

## STANDARD IN DETERMINING LOCAL RULE VALIDITY

15. In assessing whether a local rule is valid, courts "have confined their analyses to four inquiries: (1) whether the rule conflicts with an Act of Congress; (2) whether the rule conflicts with the rules of procedure promulgated by [the Supreme Court]; (3) whether the rule is constitutionally infirm; and (4) whether the subject matter governed by the rule is not within the power of a lower federal court to regulate." *See* Frazier v. Heebe, 482 U.S. 641, 654 (1987); *See also* United States v. Mink, 476 F.3d 558, 564 (8th Cir. 2007).

16. Federal Rule of Bankruptcy Procedure 9029(a) authorizes district courts to adopt local rules governing the practice and procedure in the bankruptcy courts.

> As a general rule of law, any local rule of bankruptcy procedure that conflicts with a federal rule of bankruptcy procedure are invalid and of no effect. In re Falk, 96 B.R. 901, 903 (Bankr. D. Minn. 1989) (en banc). A local rule "may only be upheld if (a) it is consistent with the Bankruptcy Code in that it does not '**abridge, enlarge, or modify any substantive right**,' as required by 28 U.S.C. § 2075 and (b) it is 'a matter of procedure not inconsistent with' the Bankruptcy Rules as required by Bankruptcy Rule 9029." *Id.* at 904. If a local rule fails either prong of the two-pronged test, it is invalid. *Id.* "Consistent is defined as

7

NOTICE OF MOTION AND MOTION TO STAY POST PETITION, PRECONFIRMATION DEED OF TRUST PAYMENTS PURSUANT TO LOCAL BANKRUPTCY RULE 3015-1(m); OBJECTION TO CHAPTER 13 TRUSTEE, AMARANE COHEN NOTICE OF CASE MAY BE CONVERTED OR DISMISS AT CONFIRMATION HEARING.

'coexisting and showing no noteworthy opposing, conflicting, inharmonious, or contradictory qualities or trends' or 'jointly assertable so as to be true or not contradictory.' " *Id.* at 905 (*quoting* Webster's Third New International Dictionary 484 (1976)).

*See also* In re McGowan, 226 B.R. 13, 20 (B.A.P. 8th Cir. 1998) and In re Pacific Atlantic Trading Co., 33 F.3d 1064, 1066 (9th Cir. 1994) stating that "any conflict between the Bankruptcy Code and the Bankruptcy Rules must be settled in favor of the Code.

## IV.
### LOCAL RULE 3015-1(m) REQUIRING DEBTOR TO MAKE POSTPETITION PAYMENT OF CONTESTED MORTGAGE IS IN CONFLICT WITH Fed. R. Bankr. P., RULE 3015 AND 11 U.S.C § 501 et.seq.

17. There is no requirement in Fed. R. Bankr. P., Rule 3015 in which debtor must make postpetition payments on a contested secured claim as part of Chapter 13 plan.

18. Yet, Local Rule 3015-1(m) and Chapter 13 trustee Cohen requires debtor to do so as part of a Chapter 13 plan.

19. Such local rule imposes additional requirements upon debtor.

20. If the congressional intent was to have debtor making postpetition payments on a contested mortgage, the language of an "<u>ALLOWED</u> SECURED CLAIM" would not have been used.

21. The practical effect of this local rule is to permit any purported secured creditor to receive payments, while litigation challenging such disputed claim or debt is in progress. The upshot is that such purported secured creditor can avail itself of instant help by taking payment that it is not entitled to.

22. Therefore, Local Rule 3015-1(m) enlarges creditor's rights beyond the scope of Fed. R. Bankr. P., Rule 3015.

//
//
//
//

For the foregoing reasons, Debtor respectfully requests the Court to stay the requirement of postpetition mortgage payments to disputed creditor, Onewest, as required by Chapter 13 trustee, Cohen and Local Rule 3015-1(m), and confirm Debtor's plan without such payments until the litigation is resolved.

Dated: 03/18/2011                           Global Capital Law, P.C.

                                            _____
                                            By: Gary Harre, Esq.
                                            Attorney for Debtor,
                                            TU KIM NGUYEN