Amrane Cohen, Chapter 13 Trustee
Linda S. Conway, CA State Bar No. 158634
770 The City Drive South, Suite 8500
Orange, CA 92868
Phone (714) 621-0200
Fax   (714) 621-0277

1
2
3
4
5
6
7

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

Tu Kim Nguyen

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Chapter 13

Case No: 8:11-bk-12857-RK

**OBJECTION TO CONFIRMATION
OF CHAPTER 13 PLAN AND
REQUEST FOR DISMISSAL**

DATE:  July 1, 2011
TIME:  9:00 a.m.
CRTRM:  5D

        Amrane Cohen, Chapter 13 Trustee ("Trustee"), hereby submits his Objection to

Confirmation of Debtor's Chapter 13 Plan and Request for Dismissal as follows:

### FACTS

1.  Debtor Tu Kim Nguyen ("Debtor") filed a voluntary petition under chapter 13

    on 3/1/2011.

2.  Debtor's proposed chapter 13 plan filed on or about 3/9/2011 provides for

    monthly payments of $135.00 per month for 36 months with a 1% dividend to

unsecured creditors and a base amount of $3,835.04 ("Plan").  A copy of the
Debtor's Plan is attached as Exhibit "1."

3.  Debtor's Plan proposes to pay only attorneys' fees in the amount of
$3,500.00, and $878.32 to her general unsecured creditors.

4.  On her Schedule D, Debtor lists only 1 creditor:  Deutsche Bank National
Trust Company ("Deutsche Bank") as disputed.  For the amount of the claim
Debtor states "Lien Only."  Debtor further states the collateral is her principal
residence with a value of $570,000.00 ("Debtor's Residence").  A copy of
Debtor's Schedule D is attached hereto as Exhibit "2."

5.  Debtor lists no creditors on Schedules E.  A copy of Debtor's Schedule E is
attached hereto as Exhibit "3."

6.  On her Schedule F, Debtor lists Clarion Mortgage Capital, Inc. in the amount
of $70,889 for a second promissory note on principal residence.  Debtor has
marked this debt as disputed.  A copy of Debtor's Schedule F is attached
hereto as Exhibit "4."

7.  On her Schedule J, lists a rent or home mortgage payment in the amount of
$560.00 and states that the property taxes and insurance are included.  A
copy of Debtor's Schedules I and J is attached hereto as Exhibit "5."

8.   A copy of the Court's Docket is attached hereto as Exhibit "6."

## SUMMARY OF ARGUMENT

Debtor has failed to meet her burden of proving that her Plan meets all elements
required for confirmation.

Debtor states on her Schedule D that the debt of Deutsche Bank is a lien only
which she disputes.  Debtor states on her Schedule F that Clarion Mortgage Capital,
Inc. is unsecured for a second promissory note.  If it is determined that Deutsche Bank

2

does not have a lien on her Residence and Clarion Mortgage Capital, Inc. is unsecured

as asserted, Debtor's Residence is unencumbered.  If Deutsche Bank is determined to

have an unsecured claim,  Debtor is not eligible for Chapter 13 relief because the

resulting unsecured debt exceeds the limit set forth in 11 U.S.C. §109(e).  Further,

Debtor's Plan proposing 1% to the unsecured creditors fails the liquidation analysis.

Debtor's case was not filed, and her Plan was not proposed in good faith.  Debtor

is using the Bankruptcy Court for an improper purpose.  Debtor's claims should be

adjudicated in a state or other federal court.

Debtor's case should be dismissed pursuant to 11 U.S.C. § 1307(c).  Debtor's

failure to propose a confirmable Plan is an unreasonable delay that is prejudicial to

creditors pursuant to 11 U.S.C. § 1307(c)(1), and the Plan should be denied

confirmation pursuant 11 U.S.C. § 1307(c)(5).

**DISCUSSION**

**Standing Of Chapter 13 Trustee To Object**

Section 1324(a) states: "Except as provided in subsection (b) and after notice,

the court shall hold a hearing on confirmation of the plan.  A party in interest may object

to confirmation of the plan."

In <u>Andrews vs. Loheit (In re Andrews),</u> 49 F.3d 1404 (9th Cir. 1995) is cited for

the proposition that a chapter 13 trustee has standing to object to confirmation of plan.

<u>Meyer v. Hill (In re Hill),</u> 268 B.R. 548,555 (B.A.P. 9th Cir. 2001) states:

> "the statutory duty of the Chapter 13 trustee to appear and be
> heard with respect to confirmation "necessarily implies that a chapter 13
> trustee has standing to object to confirmation of a plan that does not meet
> '*each* of the requirements' for plan confirmation."

The bankruptcy court for the Eastern District of California, relying on In re Andrews, stated that the chapter 13 trustee has standing to object even if the affected creditor has said nothing (see In re Shandrew, 210 B.R. 829 (Bankr. E.D. Cal. 1997)). Debtor, as the plan proponent, must provide precedent that a party in interest cannot raise any defect in a plan to object under §1325(a)(1) or that parties in interest are limited to objecting to provisions of a plan which affect them directly. Section 1325(a)(1) states:

"Except as provided in subsection (b) the court shall confirm a plan if-

(1)The plan complies with the provisions of this chapter and with other applicable provisions of this title."

Judge Lundin states that the Chapter 13 trustee has standing to object:

The Chapter 13 trustee has standing to object to confirmation: the Code directs the trustee to appear and be heard at any hearing concerning confirmation of a plan [footnote omitted]. As stated by the U.S. Court of Appeals for the Ninth Circuit:

The Chapter 13 trustee has standing to object to a plan that does not meet the requirements for confirmation. . . . The plain language of § 1302(b)(2) confers standing to object to confirmation of a plan because § 1302(b)(2) requires a trustee to "appear and be heard at any hearing" that concerns the "confirmation of a plan." . . . [A] Chapter 13 trustee has standing to object to plan confirmation under 11 U.S.C. § 1325(a)(1) [footnote omitted].

The conclusion that a Chapter 13 trustee can raise any creditor's objections to confirmation is reassuring to some and frightening to others. The possibilities are borne out in a few reported cases. For example, in *In re Fox* [footnote omitted]. the proposed plan contained language finding an undue hardship for purposes of discharging student loans under § 523(a)(8) [footnote omitted]. The debtor listed three student loan creditors. One student loan creditor objected to confirmation, the other two did not. The Chapter 13 trustee joined the one objecting student loan creditor's objection to confirmation. The bankruptcy court held that the Chapter 13 trustee "has standing to dispute the provisions of the proposed plan on behalf of any other student loan lender," and the failure of the two student loan creditors to object "does not render the proposed plan automatically

4

confirmable as to them." (Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th Edition, § 219.1, at ¶ 219.1, Sec. Rev. Jun. 7, 2004, www.Ch13online.com.)

Debtors' Burden of Proof

     The burden of proof is on Debtor to show that she has satisfied all requirements for confirmation under 11 U.S.C. §1325.  In re Padilla, 213 B.R. 349, 352 (9th Cir. BAP 1997); In re Huerta, 137 B.R. 356, 365 (Bankr. C.D. Cal. 1992) citing In re Wolff, 22 B.R. 510, 512 (9th Cir. BAP 1982) ("It is well established that the burden of proof rests on the party who asserts the affirmative of an issue.  A plaintiff has the burden of making out his case in order to warrant relief.  Similarly, the proponent of a Chapter 13 plan has the burden of proof as to its confirmation.").

Debtor is Not Eligible for Chapter 13 Relief

     11 U.S.C. § 109(e) provides:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $360,475 and noncontingent, liquidated, secured debts of less than $1,081,400, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $360,475 and noncontingent, liquidated, secured debts of less than $1,081,400 may be a debtor under chapter 13 of this title.

     If Debtor successfully asserts that Deutsche Bank does not have a lien against Debtor's Residence and the debt owed to Deutsche Bank is treated as unsecured, the debt owed to Deutsche Bank plus the debt owed to Clarion Mortgage Capital, Inc. likely exceeds the unsecured debt limit of 11 U.S.C. § 109(e).  As a result, Debtor is not eligible for Chapter 13 relief.

Debtor's Plan Fails the Liquidation Analysis

      11 U.S.C. § 1325 (a)(4) provides:

      ...the Court shall confirm a plan if –

            (4) the value, as of the effective date of the plan of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of this title on such date.

      In the instant case, Debtor states on her Schedule D that Deutsche Bank has a claim for a lien only which she disputes.  Debtor states on her Schedule F that the debt to Clarion Mortgage Capital, Inc. is for a second promissory note.  As a result, Debtor's Residence is unencumbered.  Debtor's Plan providing 1% to the unsecured creditors does not meet the liquidation analysis because based on Debtor's Schedule D, her residence has a value of $570,000.00.

Good Faith And Accuracy Of Statements

      11 U.S.C. § 1325(a)(3) provides:
         ...the Court shall confirm a plan if -
            (3) the plan has been proposed in good faith and
            not by any means forbidden by law . . .

      This Court must determine whether Debtor filed this Chapter 13 Case and proposed this Chapter 13 Plan in good faith.  Since the Bankruptcy Code is silent as to what constitutes "good faith," a review of the case law enumerating factors to guide the Court in its determination is necessary.  "At a minimum, good faith requires debtor to show an honest intention."  In re Powers, 135 B.R. 980, 992 (Bkrtcy. C.D. Cal. 1991). (Citing In re Setzer, 47 B.R. 340, 344 (Bkrtcy. E.D.N.Y. 1985)).

      In In re Metz (Downey Savings and Loan Association v. Metz), 67 B.R. 462, 464-465 (9th Cir. BAP 1986), the Bankruptcy Appellate Panel for the Ninth Circuit ("BAP") stated:

In this circuit, the test of good faith in proposing a Chapter 13 plan is made on a case-by-case basis, with the court reviewing the 'totality of the circumstances.'  We believe that the proper inquiry is whether the [debtors] acted equitably in proposing their Chapter 13 plan.  Goeb v. Heid (In re Goeb), 675 F.2d 1386, 1390, 1391 (9th Cir. 1982) ('the court must make its good-faith determination in light of all militating factors'; 'bankruptcy courts cannot [make a] substitute  . . .  for a review of the totality of the circumstances'); accord Chinichian v. Campolongo (In re Chinichian), 784 F.2d 1440, 1444-46 (9th Cir.1986) (additional citations omitted)  . . .

Although the Goeb court did 'not attempt  . . .  to compile a complete list of relevant considerations,' 675 F.2d at 1390, it gave some general examples of bad faith.  The court asked whether the debtors had 'acted equitably' in proposing their Chapter 13 plan.  The court sought to determine whether the debtors had misrepresented facts in their proposed plan and whether they were "unfairly manipulating the Bankruptcy Code."

The Metz Court, citing Bank of America National Trust and Savings Association v. Slade (In re Slade), 15 B.R. 910, 912 and United States v. Estus (In re Estus), 695 F.2d 311, 314 n.6, stated: "'[T]he special benefits bestowed upon a Chapter 13 debtor are premised upon his willingness to repay at least some portion of his debts.'"

In Porter v. Washington Student Loan Guaranty Association (In re Porter), 102 B.R. 773, 775 (9th Cir. BAP 1989), citing In re Goeb, 675 F.2d 1386, 1390 (9th Cir.1982), the BAP stated:

The Ninth Circuit has formulated a list of several factors, the presence of which may indicate bad faith.  A bankruptcy court must examine:

Whether the [debtors] acted equitably in proposing their Chapter 13 plan.  A bankruptcy court must examine whether the debtor has misrepresented facts in his plan, unfairly manipulated the Bankruptcy Code or otherwise proposed his Chapter 13 plan in an inequitable manner.  Though it may consider the

substantiality of the proposed repayment, the court must make
its good faith determination in the light of *all* militating factors.

The <u>Porter</u> Court, at page 776, went on to state:

While the bad faith inquiry in the Ninth Circuit is centered on
whether a debtor acted equitably, bankruptcy courts in other
circuits have considered additional factors. These factors
include: (1) the nature of the debt and whether such debt is
dischargeable in a Chapter 7 . . . ; (2) whether debtor's
dominant purpose is discharge of an otherwise
nondischargeable student loan . . . ; (3) the amount of the
proposed payment . . . ; and (4) the expected duration of the
plan . . .

Additionally, this Court in <u>In re Huerta</u>, 137 B.R. 356, 366-367 (Bkrtcy. C.D. Cal.

1992) relied upon the following list of factors, at least six of which are present in this

case, that it considered relevant to the analysis of good faith: (1) the amount of the

proposed payments and the amount of the debtor's surplus; (2) the debtor's

employment history, ability to earn and likelihood of future increases in income; (3) the

probable or expected duration of the plan; (4) the accuracy of the plan's statements of

the debts, expenses and percentage repayment of unsecured debt and whether any

inaccuracies are an attempt to mislead the court; (5) the extent of preferential treatment

between classes of creditors; (6) the extent to which secured claims are modified; (7)

the type of debt sought to be discharged and whether any such debt is non-

dischargeable in Chapter 7; (8) the existence of special circumstances such as

inordinate medical expenses; (9) the frequency with which the debtor has sought relief

under the Bankruptcy [law]; (10) the motivation and sincerity of the debtor in seeking

Chapter 13 relief; and (11) the burden which the plan's administration would place on

the trustee.  (Huerta citing to Estus, 695 F.2d at 317.)

      Judges Lundin and Brown state in their treatise on chapter 13:

      "One of the surest ways for a Chapter 13 debtor to get into good-faith trouble is
to misrepresent income, expenses, assets or other matters in the petition, schedules or
statement. Another way is to tell a lie under oath at the meeting of creditors, at a 2004
examination or in the course of discovery before confirmation. Many courts have
discussed the accuracy or inaccuracy of the debtor's documents or testimony as
important evidence bearing on good faith under § 1325(a)(3)." Keith M. Lundin &
William H. Brown, CHAPTER 13 BANKRUPTCY, 4TH EDITION, § 179.2, at ¶ ____, Sec. Rev.
Jun. 15, 2004, www.Ch13online.com.

      The debtor's compliance with the good faith requirement is jeopardized when the

debtor misstates facts that affect the debtor's income, expenses or assets and liabilities.

      In the instant case, there can be no doubt that Debtor filed this case and

proposed her Plan in bad faith.  Plan will merely pay attorneys' fees listed in the Plan in

the amount of $3,500.00 and 1% to her unsecured creditors, or $878.32.

      Debtor is using the Bankruptcy Court for an improper purpose.  Any claims she

has should be adjudicated in a state or other federal court.

      Further, Debtor's schedules are replete with misstatements.  She lists Deutsche

Bank as "Lien Only" for which the collateral is her house with a value of $570,000.00.

And, Debtor lists Clarion Mortgage Capital, Inc. on Schedule F as unsecured.  These

two assertions are inconsistent.  If there is no debt in first position, the second trust

deed cannot be deemed unsecured.  Further, Debtor lists a rent or home mortgage

payment on her Schedule J in the amount of $400.00.  This is inconsistent with Debtor's

assertion that there is no secured debt owed to Deutsche Bank for her Residence.

Unreasonable Delay that is Prejudicial to Creditors

11 U.S.C. § 1307(c) provides:

> Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—
>
> (1) Unreasonable delay by the debtor that is prejudicial to creditors;
>
> … (5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan….

Debtor filed this case on March 1, 2011.  She filed her Plan on March 9, 2011.  At the time of the confirmation hearing, Debtor will have been in this case for 4 months. Debtor's failure to propose a confirmable Plan is an unreasonable delay which is prejudicial to creditors.  Trustee requests that the Plan be denied confirmation and the case be dismissed.

## **CONCLUSION**

The Chapter 13 Trustee submits that this case is not ready for confirmation but, instead, should be dismissed based on Debtor's failure to meet her burden of proving all elements of confirmation.  Specifically, Debtor has failed to establish that this case was filed and her Plan was proposed in good faith, that Debtor is eligible for relief, that her Plan meets the liquidation analysis, and that Debtor is eligible for Chapter 13 relief.

WHEREFORE, based on the foregoing, the Chapter 13 Trustee requests that

confirmation of Debtor's Plan be denied, and that the within Chapter 13 case be

dismissed.  Trustee further requests such other further relief that the Court deems just

and proper.

Date:  June 24, 2011                    /s/ Linda S. Conway
                                        Linda S. Conway, Staff Attorney for
                                        Amrane Cohen, Chapter 13 Trustee

## DECLARATION

I, Linda S. Conway, declare as follows:

1.  I am the Staff Attorney for Amrane Cohen, the duly appointed Chapter 13 Trustee in this case, and I have personal knowledge of the files and records maintained by my office in the regular course of business.  I am a Bankruptcy Law Specialist, certified by the State Bar of California, Board of Legal Specialization.  I have personally reviewed the files and records kept by my office in this case.  The following facts are true and correct and within my own personal knowledge.

2.  Debtor Tu Kim Nguyen ("Debtor") filed a voluntary petition under chapter 13 on 3/1/2011.

3.   A true and correct copy of the Debtor's Plan is attached as Exhibit "1."

4.  A true and correct copy of Debtor's Schedule D is attached hereto as Exhibit "2."

5.   A true and correct copy of Debtor's Schedule E is attached hereto as Exhibit "3."

6.   A true and correct copy of Debtor's Schedule F is attached hereto as Exhibit "4."

7.   A true and correct copy of Debtor's Schedules I and J is attached hereto as Exhibit "5."

8.   A true and  copy of the Court's Docket is attached hereto as Exhibit "6."

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated:  June 24, 2011                              /s/ Linda S. Conway
                                                   Linda S. Conway

| Name | **Gary Harre, Esq.** |
|---|---|
| Address | **GLOBAL CAPITAL LAW** |
| | **8700 Warner Avenue, Suite 200** |
| | **Fountain Valley, CA 92708** |

| Telephone | **(714) 907-4182** (FAX) **(714) 907-4175** |
|---|---|
| Email Address | **ghmecf@gmail.com** |

☒ Attorney for Debtor
State Bar No. **86938**

☐ Debtor(s) in Pro Se    (Any reference to the singular shall include the plural in the case of joint debtors.)

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by the debtor within the last 8 years:<br><br>**Tu Kim Nguyen** | Chapter 13 Case No. **11-12857-RK**<br><br><br>### CHAPTER 13 PLAN<br><br>**CREDITORS MEETING:**<br>**Date:** **April 13, 2011**<br>**Time:** **11:00 a.m.**<br>**Place:** **Room 1-154, 411 W. Fourth Street, Santa Ana, CA 92701**<br>**CONFIRMATION HEARING:**<br>**Date:** **May 12, 2011**<br>**Time:** **10:00 a.m.**<br>**Place:** **Courtroom 5 D**<br>**411 W. Fourth Street, Santa Ana, CA** |
|---|---|

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. § 1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

*Revised December 2009*
Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com

000013

**F3015-1.1**
Best Case Bankruptcy

Exhibit "1"

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

**I.    PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

The Debtor submits the following to the supervision and control of the Chapter 13 Trustee:

A.    Payments by Debtor of **$135.00** per month for **36** months.  This monthly Plan Payment will begin within 30 days of the date the petition was filed.

B.    The base plan amount is $ **4,860.00** which is estimated to pay  **1** % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the Chapter 13 Trustee may increase the percentage to be paid to creditors accordingly.

C.    Amounts necessary for the payment of post-petition claims allowed under 11 U.S.C. § 1305.

D.    Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The Chapter 13 Trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate  protection payments or preconfirmation lease payments.

E.    Other property:  (specify property or indicate none)
      **NONE**

**F3015-1.1**

**II.    ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**

Except as otherwise provided in the plan or by court order, the Chapter 13 Trustee shall disburse all available funds for the payment of claims as follows:

A.    ORDER OF PAYMENTS:

1.    If there are Domestic Support Obligations, the order of priority shall be:

(a)    Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date;

(b)    Administrative expenses (Class 1(a)) in an amount not exceeding __100__ % of each Plan Payment until paid in full;

2.    If there are no Domestic Support Obligations, the order of priority shall be the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding ___% of each Plan Payment until paid in full.

3.    Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the Chapter 13 Trustee from the Plan Payment; such secured debt may be paid by the Chapter 13 Trustee commencing with the inception of Plan Payments.

4.    Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5.    No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*
Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com

000015

**F3015-1.1**
Best Case Bankruptcy
Exhibit "1"

B.    CLASSIFICATION AND TREATMENT OF CLAIMS:

| CLASS 1 | | | | | |
|---|---|---|---|---|---|
| **ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507** | | | | | |

The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4).

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|
| a.   Administrative Expenses | | | | | |
| (1)    Chapter 13 Trustee's Fee – estimated at **11**% of all payments to be made to all classes through this Plan. | | | | | |
| (2)    Attorney's Fees | $3,500.00 | | $120.69 | 29 | $3,500.00 |
| (3)    Chapter 7 Trustee's Fees | | | | | |
| (4)    Other | | | | | |
| b.   Other Priority Claims | | | | | |
| (1)    Internal Revenue Service | | | | | |
| (2)    Franchise Tax Board | | | | | |
| (3)    Domestic Support Obligation | | | | | |
| (4)    Other | | | | | |
| c.   Domestic Support Obligations that are not to be paid in full in the Plan (Specify Creditor Name): | | | | | |
| | | | | | |

---

*Revised December 2009*
Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com

**F3015-1.1**
Best Case Bankruptcy
Exhibit "1"

| CLASS 2 |
|---|

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE

1. ☐   The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☐   The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

_____                    _____
(name of creditor)                                      (last 4 digits of account number)

_____                    _____
(name of creditor)                                      (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.**

| Name of Creditor | Last Four Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |

| CLASS 3 |
|---|

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| Name of Creditor | Last Four Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*
Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com            000017

F3015-1.1
Best Case Bankruptcy
Exhibit "1"

## CLASS 4

### OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE

1.  ☐    The post-confirmation monthly payment pursuant to the promissory note will be made by the Chapter 13 Trustee from the Plan Payment to:

2.  ☐    The post-confirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

_____                    _____
(name of creditor)                                                  (last 4 digits of account number)

_____                    _____
(name of creditor)                                                  (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.**

| Name of Creditor | Last Four Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |

## CLASS 5

### NON-PRIORITY UNSECURED CLAIMS

Debtor estimates that non-priority unsecured claims total the sum of  $121,150.00 .
Class 5 claims will be paid as follows:

(Check one box only.)

☒        Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

OR

☐        Class 5 claims will be divided into subclasses as shown ~~on the attached exhibit~~ *directly below* (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

## III.    COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ 0.00  which is estimated to pay  0  % of the scheduled nonpriority unsecured debt.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

## IV.  PLAN ANALYSIS

|  |  |
|---|---:|
| CLASS 1a | $3,500.00 |
| CLASS 1b | $0.00 |
| CLASS 1c | $0.00 |
| CLASS 2 | $0.00 |
| CLASS 3 | $0.00 |
| CLASS 4 | $0.00 |
| CLASS 5 | $878.32 |
| SUB-TOTAL | $4,378.32 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated  11% unless advised otherwise) | $481.68 |
| TOTAL PAYMENT | $4,860.00 |

## V.  OTHER PROVISIONS

A.  The Debtor rejects the following executory contracts and unexpired leases.

Name of Other Party:                              Description of contract/lease:
-NONE-

B.  The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):

Name of Other Party:                              Description of contract/lease:
-NONE-

C.  In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:

Creditor Name:                                    Monthly Payment:
-NONE-

D.  The Debtor hereby surrenders the following personal or real property. (Identify property and creditor to which it is surrendered.)

Creditor Name:                                    Description:
-NONE-

E.  The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F.  Miscellaneous provisions: (Use Attachment, if necessary)

G.  The Chapter 13 Trustee is authorized to disburse funds after the date confirmation is announced in open court.

H.  The Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I.  The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*
Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com

**F3015-1.1**
Best Case Bankruptcy

Exhibit "1"

## VI.    REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the Local Bankruptcy Rules. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.


Dated:    **March  1, 2011**                              **/s/ Gary Harre, Esq.**
                                                                      **Gary Harre, Esq.**
                                                                      **86938**
                                                                      Attorney for Debtor(s)


                                                          **/s/ Tu Kim Nguyen**
                                                                      **Tu Kim Nguyen**
                                                                      Debtor

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*                                                      **F3015-1.1**
Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                          Best Case Bankruptcy
                                          000020                        Exhibit "1"

B6D (Official Form 6D) (12/07)

In re **Tu Kim Nguyen**                                    Case No. _____

                                                                        (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCT #: xxxxxx5727<br><br>**Deutsche Bank National Trust Company**<br>**1761 E. St. Andrew's Place**<br>**Santa Ana, CA 92705** | | - | DATE INCURRED: **01/01/2006**<br>NATURE OF LIEN:<br>**Purchase Money**<br>COLLATERAL:<br>**Principal Residence**<br>REMARKS:<br>**Dispute Lien Only**<br><br>VALUE:          $570,000.00 | | | x | Lien Only | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | Subtotal (Total of this Page) > | $0.00 | $0.00 |
| | | | | | | Total (Use only on last page) > | $0.00 | $0.00 |

___**No**___ continuation sheets attached

                                                                        (Report also on Summary of Schedules.)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

000021                                                        Exhibit "2"

B6E (Official Form 6E) (04/10)

In re  **Tu Kim Nguyen**                                             Case No. _____
                                                                              (If Known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**    (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,600* for deposits for the purchase, lease or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

☐ **Administrative allowances under 11 U.S.C. Sec. 330**
Claims based on services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by such person as approved by the court and/or in accordance with 11 U.S.C. §§ 326, 328, 329 and 330.

*Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_____**No**_____continuation sheets attached

B6F (Official Form 6F) (12/07)

In re  **Tu Kim Nguyen**

Case No. _____
                    (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: xxxxxx0429<br>**Clarion Mortgage Capital Inc.**<br>**9034 East Easter Place, Ste 205**<br>**Centennial, CO 80112** | - | | DATE INCURRED: **01/01/2006**<br>CONSIDERATION:<br>**Purchase Money**<br>REMARKS:<br>**Second promissory note on principal residence at 6042 Ronald Circle, Cypress, CA 90630** | | | X | $70,889.00 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | Subtotal > | $70,889.00 |
| | | | | | | Total > | $70,889.00 |

_____ **No** _____ continuation sheets attached

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

000023                                    Exhibit "4"

B6I (Official Form 6I) (12/07)

In re **Tu Kim Nguyen**                                      Case No. _____
                                                                      (if known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | Dependents of Debtor and Spouse | | | |
|---|---|---|---|---|
| **Single** | Relationship(s): Son<br>Son | Age(s): 9<br>7 | Relationship(s): | Age(s): |

| Employment: | Debtor | Spouse |
|---|---|---|
| Occupation | Certified Dental Hygienist | |
| Name of Employer | | |
| How Long Employed | | |
| Address of Employer | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | **DEBTOR** | **SPOUSE** |
|---|---|---|
| 1.  Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $5,000.00 | |
| 2.  Estimate monthly overtime | $0.00 | |
| 3.  SUBTOTAL | **$5,000.00** | |
| 4.  LESS PAYROLL DEDUCTIONS | | |
|     a. Payroll taxes (includes social security tax if b. is zero) | $840.00 | |
|     b. Social Security Tax | $0.00 | |
|     c. Medicare | $0.00 | |
|     d. Insurance | $0.00 | |
|     e. Union dues | $0.00 | |
|     f. Retirement | $0.00 | |
|     g. Other (Specify) _____ | $0.00 | |
|     h. Other (Specify) _____ | $0.00 | |
|     i. Other (Specify) _____ | $0.00 | |
|     j. Other (Specify) _____ | $0.00 | |
|     k. Other (Specify) _____ | $0.00 | |
| 5.  SUBTOTAL OF PAYROLL DEDUCTIONS | **$840.00** | |
| 6.  TOTAL NET MONTHLY TAKE HOME PAY | **$4,160.00** | |
| 7.  Regular income from operation of business or profession or farm (Attach detailed stmt) | $0.00 | |
| 8.  Income from real property | $0.00 | |
| 9.  Interest and dividends | $0.00 | |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $0.00 | |
| 11. Social security or government assistance (Specify): _____ | $0.00 | |
| 12. Pension or retirement income | $0.00 | |
| 13. Other monthly income (Specify): | | |
|     a. _____ | $0.00 | |
|     b. _____ | $0.00 | |
|     c. _____ | $0.00 | |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | **$0.00** | |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | **$4,160.00** | |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | **$4,160.00** | |

(Report also on Summary of Schedules and, if applicable,
on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None.**

B6J (Official Form 6J) (12/07)

IN RE:  **Tu Kim Nguyen**                                          Case No. _____

                                                                                      (if known)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $560.00 |
|    a. Are real estate taxes included?     ☑ Yes    ☐ No | |
|    b. Is property insurance included?     ☑ Yes    ☐ No | |
| 2. Utilities:  a. Electricity and heating fuel | $90.00 |
|          b. Water and sewer | $55.00 |
|          c. Telephone | $105.00 |
|          d. Other:  Cable and Internet | $40.00 |
| 3. Home maintenance (repairs and upkeep) | $100.00 |
| 4. Food | $800.00 |
| 5. Clothing | $350.00 |
| 6. Laundry and dry cleaning | $50.00 |
| 7. Medical and dental expenses | $0.00 |
| 8. Transportation (not including car payments) | $250.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $100.00 |
| 10. Charitable contributions | $50.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|          a. Homeowner's or renter's | $55.00 |
|          b. Life | |
|          c. Health | $350.00 |
|          d. Auto | $120.00 |
|          e. Other: | |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
| Specify: | |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|          a. Auto: | |
|          b. Other:  Child care for 2 minors | $950.00 |
|          c. Other: | |
|          d. Other: | |
| 14. Alimony, maintenance, and support paid to others: | |
| 15. Payments for support of add'l dependents not living at your home: | |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | |
| 17.a. Other: | |
| 17.b. Other: | |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17.  Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | **$4,025.00** |
| 19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:  **None.** | |

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---:|
| a. Average monthly income from Line 15 of Schedule I | $4,160.00 |
| b. Average monthly expenses from Line 18 above | $4,025.00 |
| c. Monthly net income (a. minus b.) | $135.00 |

PRVDISM, APPEAL

# U.S. Bankruptcy Court
## Central District Of California (Santa Ana)
## Bankruptcy Petition #: 8:11-bk-12857-RK

*Date filed:*   03/01/2011

*Assigned to:* Robert N. Kwan
Chapter 13
Voluntary
Asset

**Debtor**
**Tu Kim Nguyen**
6042 Ronald Cir
Cypress, CA 90630
714-907-4182
SSN / ITIN: xxx-xx-0603

represented by **Gary L Harre**
Global Capital Law PC
8700 Warner Ste 200
Fountain Valley, CA 92708
714-907-4182
Fax : 714-907-4175
Email: ghcmecf@gmail.com

**Trustee**
**Amrane (SA) Cohen (TR)**
770 The City Dr So Ste #3300
Orange, CA 92868
714-621-0200

**U.S. Trustee**
**United States Trustee (SA)**
411 W Fourth St., Suite 9041
Santa Ana, CA 92701-4593

| Filing Date | # | Docket Text |
|---|---|---|
| 03/01/2011 | 1 | Chapter 13 Voluntary Petition . Fee Amount $274 Filed by Tu Kim Nguyen Chapter 13 Plan due by 03/15/2011. Incomplete Filings due by 03/15/2011. (Harre, Gary) CORRECTION: Deficient for: Debtor's Certification of Employment Income (STUBS are missing) due 03/15/2011, Exhibit D (second page/signature is missing) due 03/15/2011 and Electronic Filing Declaration due 03/15/2011. Section 316 Incomplete Filings due by 04/15/2011. Modified on 3/3/2011 (Clodfelter, Ellen). (Entered: 03/01/2011) |
| 03/01/2011 | 2 | Statement of Social Security Number(s) Form B21 Filed by Debtor Tu Kim Nguyen. (Harre, Gary) (Entered: 03/01/2011) |

000026                                    Exhibit "6"

| | | |
|---|---|---|
| 03/01/2011 | | Receipt of Voluntary Petition (Chapter 13)(8:11-bk-12857) [misc,volp13] ( 274.00) Filing Fee. Receipt number 19074311. Fee amount 274.00. (U.S. Treasury) (Entered: 03/01/2011) |
| 03/01/2011 | 3 | Certificate of Credit Counseling Filed by Debtor Tu Kim Nguyen. (Harre, Gary) (Entered: 03/01/2011) |
| 03/01/2011 | 4 | Meeting of Creditors with 341(a) meeting to be held on 04/13/2011 at 11:00 AM at RM 1-154, 411 W Fourth St., Santa Ana, CA 92701. Confirmation hearing to be held on 05/11/2011 at 01:30 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. Proof of Claim due by 07/12/2011. (Harre, Gary) Additional attachment(s) added on 3/3/2011 (Clodfelter, Ellen). CORRECTION: Notice not generated thru BNC due to Judge reassignment. See Docket Entry #5 for the correct notice. Modified on 3/3/2011 (Clodfelter, Ellen). (Entered: 03/01/2011) |
| 03/03/2011 | | Judge Robert N. Kwan added to case due to prior related case 8:10-bk-23006-RK. Involvement of Judge Mark S Wallace Terminated (Clodfelter, Ellen) (Entered: 03/03/2011) |
| 03/03/2011 | 5 | Meeting of Creditors 341(a) meeting to be held on 4/13/2011 at 11:00 AM at RM 1-154, 411 W Fourth St., Santa Ana, CA 92701.Objection 523 Complaint Due: 6/13/2011. Proofs of Claims due by 7/12/2011. Government Proof of Claim due by 8/29/2011. Confirmation hearing to be held on 5/12/2011 at 10:00 AM at Crtrm 5D, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Robert N. Kwan (Clodfelter, Ellen) (Entered: 03/03/2011) |
| 03/03/2011 | 6 | Notice to Filer of Correction Made/No Action Required: **Judge/Trustee was reassigned due to prior case. THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE. Petition was filed as incomplete, however, Debtor's Certification of Employment Income (STUBS are missing) due 03/15/2011, Exhibit D (second page/signature is missing) due 03/15/2011 and Electronic Filing Declaration are deficiency. THE COURT HAS CORRECTED THIS INFORMATION. THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.** (RE: related document(s) 1 Voluntary Petition (Chapter 13) filed by Debtor Tu Kim Nguyen) (Clodfelter, Ellen) (Entered: 03/03/2011) |
| | | Case Commencement Deficiency Notice (BNC) Debtor's Certification of Employment Income (STUBS are missing) due 03/15/2011, Exhibit D (second page/signature is missing) due 03/15/2011 and Electronic Filing Declaration (RE: related document(s) 1 Voluntary Petition (Chapter 13) filed by Debtor Tu |

| 03/03/2011 | 7 | Kim Nguyen) (Clodfelter, Ellen) (Entered: 03/03/2011) |
|---|---|---|
| 03/05/2011 | 8 | BNC Certificate of Notice (RE: related document(s) 5 Meeting of Creditors Chapter 13) No. of Notices: 6. Service Date 03/05/2011. (Admin.) (Entered: 03/05/2011) |
| 03/05/2011 | 9 | BNC Certificate of Notice (RE: related document(s) 1 Voluntary Petition (Chapter 13) filed by Debtor Tu Kim Nguyen) No. of Notices: 1. Service Date 03/05/2011. (Admin.) (Entered: 03/05/2011) |
| 03/05/2011 | 10 | BNC Certificate of Notice (RE: related document(s) 7 Case Commencement Deficiency Notice (BNC)) No. of Notices: 1. Service Date 03/05/2011. (Admin.) (Entered: 03/05/2011) |
| 03/09/2011 | 11 | Exhibit D Filed by Debtor Tu Kim Nguyen (RE: related document(s) 1 Voluntary Petition (Chapter 13)). (Harre, Gary) WARNING: Item subsequently amended by docket entry no 13 Modified on 3/10/2011 (Pineda, Anabel). (Entered: 03/09/2011) |
| 03/09/2011 | 12 | Chapter 13 Plan Filed by Debtor Tu Kim Nguyen (RE: related document(s) 1 Chapter 13 Voluntary Petition . Fee Amount $274 Filed by Tu Kim Nguyen Chapter 13 Plan due by 03/15/2011. Incomplete Filings due by 03/15/2011..). (Harre, Gary) (Entered: 03/09/2011) |
| 03/10/2011 | 13 | Notice to Filer of Error and/or Deficient Document **Document filed without electronic /s/ or holographic signature and/or was not accompanied by the required Local Bankruptcy form Electronic Filing Declaration. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE PROPER SIGNATURES.** (RE: related document(s) 11 Exhibit D filed by Debtor Tu Kim Nguyen) (Pineda, Anabel) (Entered: 03/10/2011) |
| 03/10/2011 | 14 | Debtor's Certification of Employment Income *with pay stubs* Filed by Debtor Tu Kim Nguyen (RE: related document(s) 1 Voluntary Petition (Chapter 13)). (Attachments: # 1 Appendix Pay stubs) (Harre, Gary) (Entered: 03/10/2011) |
| 03/10/2011 | 15 | Debtor's notice of section 341(a) meeting and hearing on confirmation of chapter 13 with copy of chapter 13 plan Filed by Debtor Tu Kim Nguyen. (Attachments: # 1 Appendix chapter 13 plan) (Harre, Gary) (Entered: 03/10/2011) |
| 03/10/2011 | 16 | Declaration RE Tax Returns (Preconfirmation) Filed by Debtor Tu Kim Nguyen. (Harre, Gary) (Entered: 03/10/2011) |

| | | |
|---|---|---|
| 03/10/2011 | 17 | Declaration RE: Payment of Domestic Support Obligations Filed by Debtor Tu Kim Nguyen. (Harre, Gary) (Entered: 03/10/2011) |
| 03/10/2011 | 18 | Declaration Re: Electronic Filing Filed by Debtor Tu Kim Nguyen. (Harre, Gary) (Entered: 03/10/2011) |
| 03/14/2011 | 19 | Declaration setting forth postpetition, preconfirmation deed of trust payments Filed by Debtor Tu Kim Nguyen. (Harre, Gary) (Entered: 03/14/2011) |
| 03/18/2011 | 20 | Motion *Notice Of Motion And Motion To Stay Post Petition, Preconfirmation Deed Of Trust Payments Pursuant To Local Bankruptcy Rule 3015-1(M); Objection To Chapter 13 Trustee, Amrane Cohen Notice Of Case May Be Converted Or Dismiss At Confirmation Hearing.* Filed by Debtor Tu Kim Nguyen (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3) (Harre, Gary) (Entered: 03/18/2011) |
| 03/18/2011 | 21 | Proof of service Filed by Debtor Tu Kim Nguyen (RE: related document(s) 20 Motion *Notice Of Motion And Motion To Stay Post Petition, Preconfirmation Deed Of Trust Payments Pursuant To Local Bankruptcy Rule 3015-1(M); Objection To Chapter 13 Trustee, Amrane Cohen Notice Of Case May Be Converted Or Dismiss At Confirmation Hea). (Harre, Gary) (Entered: 03/18/2011)* |
| 03/18/2011 | | Hearing Set (RE: related document(s) 20 Generic Motion filed by Debtor Tu Kim Nguyen) The Hearing date is set for 4/14/2011 at 03:00 PM at Crtrm 5D, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Robert N. Kwan (Bustillos, Denise) (Entered: 03/21/2011) |
| 03/23/2011 | 22 | Exhibit D Filed by Debtor Tu Kim Nguyen. (Attachments: # 1 Appendix Electronic Filing Declaration) (Harre, Gary) (Entered: 03/23/2011) |
| 03/29/2011 | 23 | Notice of Change of Address . (Harre, Gary) (Entered: 03/29/2011) |
| 04/06/2011 | 24 | Trustee's Notice to the debtor(s) that the case may be dismiss or converted at the confirmation hearing (batch) . (Cohen (TR), Amrane (SA)) (Entered: 04/06/2011) |
| | | *Notice of Non-Objection to Debtor's Chapter 13 Plan Confirmation* Filed by Debtor Tu Kim Nguyen (RE: related document(s) 12 Chapter 13 Plan Filed by Debtor Tu Kim Nguyen, 15 Debtor's notice of section 341). (Harre, Gary) |

| 04/06/2011 | 25 | (Entered: 04/06/2011) |
|---|---|---|
| 04/14/2011 | | Hearing Held - Motion Denied (cr: bust) (RE: related document (s) 20 Generic Motion filed by Debtor Tu Kim Nguyen) (Kent, Susan) (Entered: 04/19/2011) |
| 04/18/2011 | 26 | Order Denying Debtor's Motion to Stay Post Petition, Preconfirmation Deed of Trust Payments (Related Doc # 20 ) Signed on 4/18/2011 (Kent, Susan) (Entered: 04/18/2011) |
| 04/20/2011 | 27 | BNC Certificate of Notice - PDF Document. (RE: related document(s) 26 Order on Generic Motion) No. of Notices: 1. Service Date 04/20/2011. (Admin.) (Entered: 04/20/2011) |
| 05/04/2011 | | Hearing Set (RE: related document(s) 12 Chapter 13 Plan filed by Tu Kim Nguyen) Hearing to be held on 05/12/2011 at 10:00 AM Ronald Reagan Federal Bldg 411 W Fourth St Crtrm 5C Santa Ana, CA 92701. The hearing judge is Robert Kwan (Kent, Susan) (Entered: 05/04/2011) |
| 05/05/2011 | 28 | Notice of Appeal BAP Court. . Fee Amount $255 Filed by Debtor Tu Kim Nguyen (RE: related document(s) 24 Notice to the debtor (s) that the case may be dismiss or converted at the confirmation hearing (batch), 26 Order on Generic Motion, Hearing Held (Bk Motion), Hearing (Bk Motion) Set). Appellant Designation due by 05/19/2011. (Attachments: # 1 Exhibit Exhibit 1# 2 Exhibit Order Denying Debtor's Motion to Stay the Post Petition, Pre-confirmation Deed of Trust Payments# 3 Exhibit Exhibit 2# 4 Exhibit Amrane Cohen Notice of case may be converted or dismissed at confirmation hearing)(Harre, Gary) (Entered: 05/05/2011) |
| 05/05/2011 | | Receipt of Notice of Appeal(8:11-bk-12857-RK) [appeal,ntcapl] ( 255.00) Filing Fee. Receipt number 20267673. Fee amount 255.00. (U.S. Treasury) (Entered: 05/05/2011) |
| 05/10/2011 | 29 | Notice Of Referral Of Appeal To United States Bankruptcy Appellate Panel Of The Ninth Circuit with certificate of mailing (RE: related document(s) 28 Notice of Appeal filed by Debtor Tu Kim Nguyen) (Bolte, Nickie) (Entered: 05/10/2011) |
| 05/10/2011 | 30 | Appeal Transmittal Of Notice Of Appeal To United States Bankruptcy Appeallate Panel Of The Ninth Circuit - (RE: related document(s) 28 Notice of Appeal filed by Debtor Tu Kim Nguyen) (Bolte, Nickie) (Entered: 05/10/2011) |
| | | Hearing Continued (RE: related document(s) 12 Chapter 13 Plan |

| 05/12/2011 | | filed by Debtor Tu Kim Nguyen) Evidentiary Hearing on Confirmation of Plan -hearing to be held on 7/1/2011 at 09:00 AM at Crtrm 5D, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Robert N. Kwan (cr: gons) (Kent, Susan) (Entered: 05/17/2011) |
| 05/13/2011 | 31 | Notice Of Acknowledgement From United States Bankruptcy Appellate Panel Of The Ninth Circuit Of Assignment Of BAP Case No. CC-11-1217 (RE: related document(s) 28 Notice of Appeal BAP Court. . Fee Amount $255 Filed by Debtor Tu Kim Nguyen). (Bolte, Nickie) (Entered: 06/17/2011) |
| 05/13/2011 | 32 | Notice RE: Opening Letter RE: BAP No. CC-11-1217 (RE: related document(s) 28 Notice of Appeal BAP Court. . Fee Amount $255 Filed by Debtor Tu Kim Nguyen). (Bolte, Nickie) (Entered: 06/17/2011) |

| **PACER Service Center** | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 06/24/2011 09:35:35 | | |
| **PACER Login:** | ac0086 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8:11-bk-12857-RK Fil or Ent: filed From: 1/1/2011 To: 6/24/2011 Doc From: 0 Doc To: 99999999 Term: included Format: html |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

000031                          Exhibit "6"

In re: Tu Kim Nguyen

Case 8:11-bk-12857-RK   Doc 33   Filed 06/24/11   Entered 06/24/11 16:16:26   Desc
Main Document   Page 32 of 32

CHAPTER 13

Debtor(s).

CASE NUMBER 8:11-bk-12857-RK

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

770 The City Drive South, Suite 8500, Orange, CA 92868

A true and correct copy of the foregoing document described <u>**Objection to Confirmation of Chapter 13 Plan and Request for Dismissal**</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>6/24/11</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Gary L Harre    ghcmecf@gmail.com

☐ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On <u>6/24/11</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Tu Kim Nguyen
6042 Ronald Circle
Cypress, CA 90630

☐ Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| <u>6/24/11</u> | Linda S. Conway | /s/ Linda S. Conway |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.